UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY, | : : : | Case No. 1:17-cv-250 |
| | | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | : : : : | |
| Defendant. | : | |

**ORDER CLARIFYING JUDGMENT**

This civil action is before the Court on Plaintiff The Cincinnati Insurance Company ("CIC")'s motion to alter or amend judgment filed March 28, 2019 (Doc. 30) and the parties' responsive memoranda (Docs. 31, 32).[1]

On March 28, 2019, this Court resolved the parties' cross-motions for summary judgment (the "Order"), holding that "National Union and CIC must provide coverage on a pro rata basis." (Doc. 28 at 20). At issue was the parties' liability regarding a $1,000,000 settlement paid by CIC. CIC's policy limit under its insurance policy (the "CIC Policy") has a per occurrence limit of $1,000,000. (Doc. 18-1 ¶ 7). National

---

[1] Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") requested oral argument on Plaintiff's motion. (Doc. 31 at 1). The Court finds the briefs are clear on their face, and that oral argument is not necessary. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, at *7, 2006 WL 2128929 (S.D. Ohio July 27, 2006) ("Local Rule 7.1(b)(2) leaves the court with discretion to grant a request for oral argument.").

Union's policy limit under its insurance policy (the "National Union Policy") has a limit of $25,000,000. (Doc. 12-4 at PAGEID # 740).

CIC seeks clarification that the parties are proportionally liable based on their policy limits and requests that the judgment be modified to be a money judgment in the amount of $961,538.46. This amount is calculated as 25/26 of the $1,000,000 paid by CIC.[2] National Union opposes the motion and contends that the Order only requires National Union to contribute an equal share to the $1,000,000 settlement: $500,000 (not inclusive of interest). (Doc. 31 at 2).

After determining that the National Union and CIC Policies were mutually repugnant, the Court relied on Ohio law and the express terms of the CIC Policy's "Method of Sharing" provision to determine that "National Union and CIC are proportionally liable, each party is liable for the $1,000,000 settlement on a pro rata basis." (Doc. 28 at 20). The Supreme Court of Ohio has unambiguously held that "where two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become **liable in proportion to the amount of insurance provided by their respective policies**." *Buckeye Union Ins. Co. v. State Auto. Mut. Ins. Co.*, 49 Ohio St. 2d 213, 218, 361 N.E. 2d 1052, 1055 (1977) (emphasis added). Therefore, *Buckeye Union* provides that National Union and CIC are liable in proportion to their policy limits on a pro rata basis—not an equal share contribution.

---

[2] CIC's Complaint also requested reimbursement from National Union in the amount of 25/26 of the settlement paid by CIC. (Doc. 3 ¶ 37).

National Union correctly notes that the Court also relied on CIC's "Method of Sharing" provision in its determination that the parties are proportionally liable on a pro rata basis; however, while the Court cited the entirety of the "Method of Sharing" provision in the Order, National Union only cites a portion of that provision. (Doc. 31 at 2). In full, the "Method of Sharing" provision provides:

> If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.
>
> If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limits of insurance to the total applicable limits of insurance of all insurers.

(Doc. 12-3 at PAGEID # 671).

In the Order, the Court emphasized that the National Union Policy did not contain a "Method of Sharing" provision. Therefore, the National Union Policy does not permit contribution by equal shares as contemplated in the first paragraph of the "Method of Sharing" provision and the second paragraph of the provision applies:

> If any of the other insurance does not permit contribution by equal shares, **we will contribute by limits**. Under this method, **each insurer's share is based on the ratio of its applicable limits of insurance to the total applicable limits of insurance of all insurers**.

(*Id.* (emphasis added)).

Thus, the Court's Order did not provide that National Union is obligated to contribute to the settlement on an equal basis, but instead required that National Union contribute on a pro rata basis in relation to the policy limits of the CIC Policy and the

National Union Policy. Accordingly, CIC's request that the Court enter a money judgment against National Union in the amount of $961,538.46 is well taken.

CIC's motion also seeks prejudgment and post-judgment interest at the statutory rate with costs. National Union's opposition brief does not contest CIC's request for prejudgment and post-judgment interest with costs. Pursuant to Ohio Revised Code 1343.03(A), the Court finds that prejudgment interest is appropriate at the statutory rate of 3% for 2016, 4% for 2017 and 2018, and 5% for 2019. Additionally, pursuant to 28 U.S.C. § 1961(a), post-judgment interest is appropriate at the statutory rate. The Court further orders the payment of costs.

Accordingly, for the reasons outlined above:

1) Plaintiff's motion to alter or amend judgment filed March 28, 2019 (Doc. 30) is **GRANTED**;

2) The Clerk shall enter judgment for Plaintiff The Cincinnati Insurance Company against Defendant National Union Fire Insurance Company of Pittsburgh, Pa. in the amount of $961,538.46, with prejudgment and post-judgment interest at the statutory rate, and costs.

**IT IS SO ORDERED.**

Date:      6/3/19                                                              *s/ Timothy S. Black*
                                                                                Timothy S. Black
                                                                                United States District Judge